**UNITED STATES STEEL CORPORATION, MINNESOTA ORE OPERATIONS, Plaintiff,**

v.

**UNITED STEELWORKERS OF AMERICA, an unincorporated labor association, Pittsburgh, Pennsylvania, et al., Defendants.**

Civ. No. 5–75–65.

United States District Court,
D. Minnesota,
Fifth Division.

July 16, 1975.

William P. O'Brien, Hanft, Fride, O'Brien & Harries, Duluth, Minn., for plaintiff.

John G. Engberg, Minneapolis, Minn., for United Steelworkers of America, its Local 1938 and its officers, and its International Union Staff Representatives.

Newton S. Friedman, Duluth, Minn., for all other individual defendants.

MEMORANDUM OPINION AND CONTEMPT ORDER

HEANEY, District Judge, Sitting by Designation.

This cause came on to be heard upon the motions of the plaintiff for an adjudication that the originally named defendants herein as well as defendants Donald J. Ahlstrand, George R. Shelton, Joseph Rannikar, Harold B. Soland, George M. Champa, Norbert L. Sarazine, Peter G. Stone, Keith R. Balke, and Edward J. Vaughn, Jr., are in civil contempt of this Court by reason of their

having violated and disobeyed the Temporary Restraining Order issued by this Court after a hearing held on July 9, 1975, and amended by order entered on July 12, 1975. This Court having on July 11, 1975 and on July 15, 1975 issued orders requiring said defendants to show cause why they should not be adjudged in civil contempt of this Court as prayed in said motion, a hearing on the orders to show cause was held on July 16, 1975. All parties were offered full opportunity to be heard, to present evidence on the issues, and to argue on the evidence and the law. The plaintiff appeared by its attorney, Mr. William P. O'Brien. Defendants United Steelworkers of America, Local Union No. 1938, Eugene P. Simonson, Edward D. Verant, Peter Benzoni, Clifford Campbell, and William T. Coombe, Jr., appeared by their attorney, Mr. John G. Engberg. All other individually named defendants, except for George R. Shelton, who was never served with the Order to Show Cause, appeared by their attorney, Mr. Newton S. Friedman.

This Court, having duly considered the pleadings, evidence, briefs, arguments of counsel and the entire record in this case, makes the following:

FINDINGS OF FACT:

1. On July 9, 1975, this Court issued a Temporary Restraining Order enjoining the defendants from acting in aid of, or in conjunction with, or in concert with any person or persons from:

(a) Picketing in any manner at or in the vicinity of the mine and plant site of the plaintiff at its Minntac Mine and Plant locations;

(b) Interfering in any way with any of plaintiff's employees, or others, in connection with ingress or egress to or from said mine and plant area;

(c) Ordering, inducing, intimidating, coercing or attempting to order, induce, intimidate or coerce any of plaintiff's employees with the intent or effect of causing them to fail or refuse to perform services for the plaintiff;

(d) Advising, protecting, aiding, assisting or abetting any person or persons in the commission of any of the acts hereinbefore enumerated.

2. On July 12, 1975, this Court amended the Temporary Restraining Order to provide that it restrained and enjoined any person having actual notice of the order from engaging in any of the aforesaid acts.

3. The Amended Temporary Restraining Order of July 12, 1975, has been prominently and conspicuously posted at all entrances to the plaintiff's property, and both the original and the amended orders have been published in the Chisholm Free Press, Mesabi Daily News, Hibbing Daily Tribune, Duluth News Tribune and Duluth Herald.

4. The originally named defendants have been served with a copy of the Temporary Restraining Order, and the amendment thereof, by means of service of the orders on their counsel, Mr. John Engberg and Mr. Newton Friedman.

5. Defendants Donald J. Ahlstrand, Joseph Rannikar, Harold B. Soland, George M. Champa, Norbert L. Sarazine, Peter G. Stone, Keith R. Balke and Edward J. Vaughn, Jr., have actual notice of the Amended Temporary Restraining Order and of the contents thereof.

6. Despite the issuance of the Temporary Restraining Order and the amendment thereof, the work stoppage and picketing in the vicinity of the mine and plant site of the plaintiff at its Minntac Mine and Plant locations has continued, and said picketing was continuing at such locations at the time of the hearing on the order to show cause.

7. Because of said picketing, ingress and egress to and from plaintiff's property at its Minntac Mine and Plant locations have been almost totally obstructed.

8. After having received actual notice of the Amended Temporary Restraining Order, defendants Donald J. Ahlstrand, Joseph Rannikar, Harold B. Soland, George M. Champa, Norbert L. Sarazine, Peter G. Stone, Keith R. Balke and Edward J. Vaughn, Jr., engaged in picketing activities at plaintiff's property at the Minntac Mine and Plant locations on the afternoon of July 14, 1975.

9. After being served with the Temporary Restraining Order and the amendment thereof, defendant Eugene P. Simonson has not returned to work at plaintiff's operations, nor has said defendant made any explanation to this Court for his failure to do so.

10. Although the Local Union and the District and International Unions have taken some steps to encourage their members to return to work, including the sending of a telegram to certain of the workers as required by the Temporary Restraining Order, and the placing of advertisements in local newspapers, no disciplinary actions have been instituted under the Union's Constitution against those members who have continued to stay away from work or against those officers, stewards and grievance men of the Union who have not returned to work, and the statements of defendant Eugene P. Simonson with respect to the obligations of members of the Union to live up to the terms of the collective bargaining agreement and return to work have been ambivalent.

## CONCLUSIONS OF LAW:

1. The Temporary Restraining Order and the amendment thereof were duly issued by the Court, which had jurisdiction over the parties and the subject matter under 29 U.S.C. § 185, and notice thereof was duly communicated to all defendants.

2. Defendants Donald J. Ahlstrand, Joseph Rannikar, Harold B. Soland, George M. Champa, Norbert L. Sarazine, Peter G. Stone, Keith R. Balke and Edward J. Vaughn, Jr., have violated the Amended Temporary Restraining Order by their acts as set forth herein.

3. Defendants United Steelworkers of America, Local Union No. 1938, and Eugene P. Simonson have violated the Temporary Restraining Order and the amendment thereof by attempting to circumvent the Court's order and by failing to take such action as is reasonable and appropriate to bring about compliance with this Court's Temporary Restraining Order and the amendment thereof.

4. Issuance of an adjudication and order in civil contempt against the above-named defendants is appropriate because of their acts herein, which have been found to constitute civil contempt of this Court's Temporary Restraining Order and the amendment thereof.

Now, therefore, upon all the pleadings and proceedings heretofore had herein, it is hereby:

Ordered, adjudged and decreed that defendants United Steelworkers of America, Local Union No. 1938, Eugene P. Simonson, Donald J. Ahlstrand, Joseph Rannikar, Harold B. Soland, George M. Champa, Norbert L. Sarazine, Peter G. Stone, Keith R. Balke and Edward J. Vaughn, Jr., are and have been and are hereby adjudged to be, in civil contempt of this Court by reason of their disobedience of and their failure and refusal to comply with, the Temporary Restraining Order issued by this Court on July 9, 1975, and the amendment thereof on July 12, 1975; and it is further

Ordered, adjudged and decreed that defendants United States Steelworkers of America and Local Union No. 1938 may purge themselves of their said civil contempt by: (1) notifying by telegram or mailgram within seventy-two (72) hours of this order, all of plaintiff's employees who have not returned to work

at their next regularly assigned shift or within forty-eight (48) hours of this order, whichever is later, that they will face disciplinary action by the Union unless they return to work immediately; and (2) instituting disciplinary action against any of the plaintiff's employees who continue to fail to report to work, such disciplinary action to be instituted in accordance with the following time schedule: (a) within five (5) days, action shall be instituted against any of the following who continue to fail to return to work: any officers, stewards and grievance men of the Union, any named defendants in this action, and any other millwrights; and (b) thereafter, action shall be instituted against remaining employees who continue to fail to return to work, at the rate of one hundred (100) employees per week, selecting the employees in alphabetical order, until all other employees have either returned to work or have been disciplined by the Union. When eighty percent (80%) of the men assigned to a given shift are on the job, the duty of the International and the Local in this respect shall terminate; and it is further

Ordered, adjudged and decreed that defendants Eugene P. Simonson, Donald J. Ahlstrand, Joseph Rannikar, Harold B. Soland, George M. Champa, Norbert L. Sarazine, Peter G. Stone, Keith R. Balke, and Edward J. Vaughn, Jr., may purge themselves of their said civil contempt by either returning to work at their next regularly assigned shift or within forty-eight (48) hours of the date of this order, which ever is later; and it is further

Ordered, adjudged and decreed that, in the event of the failure or refusal of any of the said defendants to comply with the purgation provisions of this order, such defendant shall pay to the Clerk of this Court a civil fine in the following amount: United Steelworkers of America shall pay a fine in the amount of $25,000.00; Local Union No. 1938 shall pay a fine in the amount of $25,000.00; Eugene P. Simonson shall pay a fine in the amount of $500.00; and Donald J. Ahlstrand, Joseph Rannikar, Harold B. Soland, George M. Champa, Norbert L. Sarazine, Peter G. Stone, Keith R. Balke, and Edward J. Vaughn, Jr., shall pay a fine in the amount of $200.00 each; and it is further

Ordered, adjudged and decreed that if any of said defendants or any other person having actual notice of the Temporary Restraining Order persists in his contumacious conduct, the Court will deal further with such person by means of such civil or criminal contempt sanctions as the Court shall then determine; and it is further

Ordered, adjudged and decreed that Grievance # 1, which is attached hereto, is to be considered pursuant to Step 3 of the Collective Bargaining Agreement within twenty-four (24) hours of the return of the men to work, which is defined to mean that point in time at which eighty percent (80%) of the men scheduled for a given shift are on the job, and said grievance shall be considered pursuant to Step 4 of the Collective Bargaining Agreement within forty-eight (48) hours of the return of the men to work, and said grievance shall, if not resolved in either Step 3 or 4, be submitted to arbitration under the terms of the Collective Bargaining Agreement within five (5) days of the return of the men to work, and shall be decided by the arbitrator within fifteen (15) days after submission of the grievance to him; and it is further

Ordered, adjudged and decreed that the remaining eight (8) grievances, numbered two to nine inclusive and attached hereto, shall be processed in accordance with the minimum time limits established in the Collective Bargaining Agreement and, to the extent not resolved by the first four steps, shall be submitted to the arbitrator and decided by him within thirty (30) days of sub-

mission to him, and in no event shall grievances numbers two through nine inclusive remain unresolved later than October 17, 1975; and it is further

Ordered, adjudged and decreed that, in light of the penalties herein imposed, the circumstances surrounding this case, and the fact that, even though the Collective Bargaining Agreement permits the plaintiff to take disciplinary action against striking employees it has not seen fit to do so but has rather left the burden of enforcing the Collective Bargaining Agreement entirely to this Court, the Court directs that there shall be no discharge or discipline for more than eight (8) days by the plaintiff of any employee who reports to work at his next regularly assigned shift or within forty-eight (48) hours of being recalled to work, whichever is later, and the Company must accept all men who return to work within this time, provided that the Company may discharge or otherwise discipline an employee if it is established that such employee has destroyed any of plaintiff's property or engaged in acts of violence against plaintiff's officials or business invitees during the unauthorized work stoppage, provided further that, in the event the employee contests the validity of the disciplinary action, the dispute shall be resolved through the arbitration system established by the Collective Bargaining Agreement; and it is further

Ordered, adjudged and decreed that the International Union is directed to assign a full-time staff member to Local Union No. 1938, whose responsibility it shall be to aid in improving labor-management relations between the plaintiff and the Union and to establish better communication between the Local and International Unions and their members; and it is further

Ordered, adjudged and decreed that the International Union is directed to institute, at the earliest practicable time, a comprehensive training program for employees of the plaintiff in matters related to union affairs and in labor-management relations, and a special effort shall be made by the International and the Local Unions to encourage employees with less than five (5) years to attend such training sessions; and it is further

Ordered, adjudged and decreed that the plaintiff is directed to institute, at the earliest practicable time, a comprehensive training program for its supervisory employees at its Minnesota Ore Operations in the field of labor-management relations; and it is further

Ordered, adjudged and decreed that the Temporary Restraining Order as amended, and as clarified by this order, shall be and is hereby extended until 10:00 p. m. on July 26, 1975, and a hearing on the plaintiff's request for a preliminary injunction shall be held on July 25, 1975.

By designating these particular defendants, the Court does not intimate that it considers them to be the leaders of the unauthorized work stoppage. It punishes for contempt the only persons against whom evidence was presented by the plaintiff which supported a finding of contempt.

Let this order be served upon the defendants herein forthwith by leaving with them copies thereof and exhibiting to them this order and the signature of the judge thereto dated this 16th day of July, 1975.